The Court

observed that the statute of 1783, c. 46, which gave the appeal from the Probate Court, did not require it to be claimed m writing, but only that it be claimed within one month after the passing of the decree; that a bond to prosecute be given and filed in the office within ten days after the claim; and that the reasons of appeal be filed within ten days after the security is given. And the Court were of opinion that the claim of an appeal need not be in writing; but it was sufficient if the reasons for appealing were filed in the office within a month after the decree; for filing the reasons was a claim of an appeal within the statute; that the reasons of appeal were not seasonably filed, if the statute contemplated a lunar month; otherwise if it intended a calendar month. But in this state, as well before as since the revolution, a month mentioned generally in any act had im'memorially been considered as a calendar month; that in the case in Norfolk county upon Draper's will, upon a probate appeal, given by this statute, the time of claiming an appeal was expressly decided by the Court to be a calendar month.
The Court also observed that the time, when extended to a calendar month, was too short, when the party aggrieved was absent, and could have no knowledge of the existence of the suit in the Probate Court until after the passing of the decree; and they expressed a wish that a provision was made, granting, in such cases, a longer time for claiming the appeal. Under the provincial statute, six months, in all cases, were allowed to the party aggrieved to claim his appeal.
The appeal in this case was holden to be regularly prosecuted and pending.
Upon reading the reasons of appeal, it appeared that the appellants objected against the decree, that the instrument originally had a seal, which had been taken off, and they contended that this amounted to a revocation of the will.
The respondents insisted, that this reason, if true, was insufficient, because a seal was not necessary to the execution of a will.
* The Court observed that the statute of 1783, c. 24, [*462 ] which is our statute of wills, requires that a will of lands should be in writing, signed by the testator, or by some person m his presence and by his direction; and that a seal was not required *404 that it was, however, usual to annex a seal, and as a will might be revoked, not only by a subsequent will or codicil, or by burning or cancelling the same, but also by its being torn or obliterated by the testator, or by his direction in his presence, it might happen that a testator might tear off the seal, which he might consider as an essential part of the execution, with the express design thereby to revoke the will.
Bidwell and Whiting for the appellants.
Ives for the respondent.
Upon this point, however, they would reserve their opinion until they heard the evidence. But the appellants failing in their prooí no opinion was expressly given, and the decree was affirmed.