Shaw C. J.
delivered the opinion of the Court. Two questions were made in this cause. 1. It was contended that in this suit against Marden alone, it was not competent for the plaintiff to give in evidence demands purporting to be claims against the defendant and one Torrey, a partner.
We consider it to be well settled, by a series of decisions, that in a suit against one it is no good defence, on the general issue, to show that the demand is due from him and another ; and if the defendant would avail himself of it, he must do so by plea in abatement. The only question there can be in the case, is, whether several demands against the sole defendant and joint demands against him and another, can he recovered in the same suit; and it is said that it leads to surprise and that the defendant cannot come prepared to expect that such joint demands will be relied on. But we think there is nothing in this circumstance to take the case out of the general rule. When the defendant was sued he knew that he was liable by law, as well for demands due from himself and Torrey as from himself alone, unless he pleaded in abatement. And as to surprise, it could easily be avoided by asking for a bill of particulars, or by asking for time, if the defendant was in fact surprised by the testimony, at the trial.
2. The other is a question of some difficulty, as it has a tendency to extend a species of evidence, not known to the common law, and not to be favored, that of a party’s own books. But the rule is now well settled, that to prove goods sold and delivered, and services done, such books with the supplementary oath of the party to their correctness, are competent evidence. Prince v. Smith, 4 Mass. R. 459. I consider the report as establishing the fact, that the account produced was proved to be a true transcript of the items from the plaintiff’s day-book and leger, by a witness who compared them, and that subsequently the books were burnt. The evidence, if believed, shows that the entries actually existed in the plaintiff's day-book, were posted into his leger, and were truly transcribed therefrom. The admission of this evidence, after proof of the loss of the original, seems to be within the common rule for the admission of secondary evidence.
It is said, that when the original hook is produced, the *176 defendant has a right to inspect the whole book, the accounts of others as well as the particular account, and to raise any argument which he can against the genuineness and correctness of the books, from any irregularitiés apparent in them. But the same argument would lie against the admission of secondary evidence in other cases, though perhaps not with precisely the same force. But the adverse party might always suggest, as an argument against the admission of copies, that if the original were produced it would show alterations or other indications on the face of it, impairing its validity. But this rgument is not considered sufficient to warrant the rejection of the secondary evidence of copies, where it is satisfactorily proved, that the original has been lost without the'fault of the party offering the copy.

Judgment on the verdict.